UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------- x
SIDNEY WISDOM,

           Petitioner,

    -against-

THOMAS GRIFFIN,

           Respondent.
-------------------------------------------- x

MEMORANDUM & ORDER

15 Civ. 6578 (ENV)

VITALIANO, D.J.

*Pro se* petitioner Sidney Wisdom brought this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1). Following the People's response, Wisdom moved for the appointment of counsel under § 3006A(a)(2)(B). (Pet. Mot., ECF No. 9). For the following reasons, petitioner's motion is denied.

## Discussion

A court may appoint *pro bono* counsel "for any financially eligible person" seeking relief under § 2254 when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Although a court must appoint counsel should it determine that an evidentiary hearing is warranted, *see Graham v. Portuondo*, 506 F.3d 105, 107 (2d Cir. 2007), there is no constitutional right to counsel for habeas proceedings generally, *see Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). The "threshold requirement" for the discretionary appointment of counsel is "whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Only if this prerequisite is met does the habeas court consider the "secondary criteria" of the petitioner's "ability to obtain representation independently, and his ability to handle the case without assistance in the light[, *inter alia*,] of the required factual



1

investigation[ and] the complexity of the legal issues . . . ." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

Although Wisdom cites to many of these same cases, he misapprehends them, mooring his argument on the Sixth Amendment and *Powell v. Alabama*, 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158 (1932), both of which concern the right to counsel in criminal proceedings, and do not establish a right to counsel in a civil habeas proceeding. (*See* Pet. Mot. at 1-2).

As for a discretionary appointment of counsel,[1] the Court has reviewed the petition and cannot conclude, at this time, that Wisdom's arguments are likely to be of substance. First, his claims as to ineffective assistance of counsel appear unlikely to go beyond a showing of strategical mistakes or disagreements and establish both "that counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674 (1984). Second, his claim related to a defect in the grand jury proceedings will likely prove meritless as a ground for federal habeas relief because, simply, "claims arising from state grand jury proceedings are not suitable for habeas relief." *Davison v. New York*, No. 12 Civ. 2362 (ENV), 2015 WL 7571817, at *10 (E.D.N.Y. Nov. 24, 2015). Finally, his claim concerning the admission of hearsay could be barred because, among other reasons, the Appellate Division may have rejected it on an independent state ground. *See People v. Wisdom*, 120 A.D.3d 724, 726, 991 N.Y.S.2d 141, *leave to appeal denied*, 24 N.Y.3d 1048, 23 N.E.3d 161 (2014), *reconsideration denied*, 25 N.Y.3d 1210, 37 N.E.3d 1175 (2015); *see also Watts v. Griffin*, 621

---

[1] It does not appear that an evidentiary hearing, which would mandate the appointment of counsel, will be necessary in this case.

F. App'x 60 (2d Cir. 2015) ("[F]ederal courts considering habeas corpus petitions are generally barred from reviewing the decisions of state courts insofar as those decisions are predicated on adequate and independent state procedural grounds." (quoting *Messiah v. Duncan*, 435 F.3d 186, 195 (2d Cir. 2006))). In short, Wisdom has not met his burden, for purposes of this motion, to demonstrate that there is substance to his claims.[2]

Furthermore, even had Wisdom met this threshold requirement, he has not made any argument concerning his particular need for counsel. Rather, he argues that all *pro se* litigants are incapable of adequately representing themselves (Pet. Mot. 2-4), which is patently false. *See, e.g.*, *Candelaria v. Coughlin*, 133 F.3d 906 (2d Cir. 1997) (finding no abuse of discretion in the denial of a motion to appoint counsel where the plaintiff had not met his burden to demonstrate his need for assistance; noting that plaintiff "skillfully acted as his own advocate before the jury"). At bottom, Wisdom's submissions thus far show that he can adequately represent himself without assistance. Had Wisdom prevailed at the threshold, he would fail here.

## Conclusion

For the foregoing reasons, petitioner's motion for the appointment of counsel is denied. The Clerk of Court is directed to mail a copy of this order to petitioner.

So Ordered.

Dated: Brooklyn, New York
March 10, 2016

/s/ USDJ VITALIANO

ERIC N. VITALIANO
United States District Judge

---

[2] Of course, Wisdom has yet to file his memoranda in reply to respondent's papers, and the Court makes no final determination as to the merits of his petition at this time.

3